In the Matter of LESTER N. SHAFRAN (Admitted as LESTER NOEL SHAFRAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 10, 1986

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

*Larry J. Silverman* of counsel *(Budd Larner Gross Picillo Rosenbaum Greenberg & Sade,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Lester N. Shafran was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court, Second Judicial Department, on June 21, 1967. At relevant times, respondent has maintained an office within the First Judicial Department.

Respondent has been found guilty, by a jury verdict, under an indictment handed up in the United States District Court for the Southern District of New York of the following crimes: one count of racketeering (18 USC § 1962 [c]), one count of racketeering-conspiracy (18 USC § 1962 [d]), and two counts of mail fraud (18 USC § 1341). Under CPL 1.20 (13), a verdict of guilty constitutes a conviction. Thus, under Judiciary Law § 90 (4) (a), the respondent would, at this point, be automatically disbarred, had the verdict been returned in a State court. Under Federal Rules of Criminal Procedure, rule 32 (b) (1), a conviction does not take place until sentence is imposed. Judiciary Law § 90 (4) (f) provides that an attorney convicted of a serious crime "whether by plea of guilty or nolo contendere or from a verdict after trial or otherwise" shall be suspended until a final order is made.

The crimes of which respondent has been convicted involve misrepresentation, fraud and bribery (Judiciary Law § 90 [4] [d]). Accordingly, the respondent is suspended, pending the further order of this court.

SANDLER, J. P., LYNCH, ROSENBERGER and WALLACH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this court.